UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY FINLEY,

        Plaintiff,                          Case No. 2:16-cv-253

v.                                              Honorable Gordon J. Quist

ERICA HUSS, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff Timothy Finley, a state inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action against Defendants Deputy Warden Erica Huss and Deputy Warden Sarah Schroeder. Plaintiff alleges that he suffers from a severe mental illness

which is recognized under the Americans with Disabilities Act (ADA). Plaintiff has a long history of suicide attempts and self injurious behavior. Plaintiff states that from August 30, 2016, to October 5, 2016, he cut himself with a razor at least twenty-five times, and swallowed a razor on nine different occasions. Plaintiff has had multiple surgeries to remove razors from his throat and stomach.

Plaintiff alleges that on September 29, 2016, Defendant Huss classified Plaintiff to administrative segregation for using a razor to harm himself. Plaintiff claims that this violated his rights because Defendant Huss failed to have a qualified mental health professional's input on the placement form. Plaintiff attaches a copy of the form, which shows that the section "to be completed if prisoner is receiving outpatient mental health services or special education services" is empty. *See* ECF No. 1-5. Plaintiff also attaches a copy of the misconduct sanction assessment form dated September 12, 2016, which was completed by mental health professional M. Salmi, and which indicates that prolonged segregation placement "is likely to deteriorate [Plaintiff's] mental health status." *See* ECF No. 1-6. On October 7, 2016, Plaintiff was seen by Psychiatrist Dr. Terry Meden, who ordered that Plaintiff receive involuntary treatment with antipsychotic medications. Plaintiff states that all departments in the prison are aware of Plaintiff's mental illness and treatment recommendations. Plaintiff claims that his placement in administrative segregation subjected him to needless suffering because of his mental illness.

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiff's complaint seeks a temporary restraining order and / or preliminary injunction releasing Plaintiff from administrative segregation and placing him in a mental health program. However, on January 12, 2017, Plaintiff filed a motion to withdraw the motion for a temporary restraining order and / or preliminary injunction because he had been released from

administrative segregation and transferred to the prison's mental health program. *See* ECF No. 9. Plaintiff also seeks a permanent injunction preventing his placement in administrative segregation and declaratory relief.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his placement in administrative segregation violated his rights under the Eighth Amendment because it constituted punishment for his mental illness. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

The Eighth Amendment also requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Gov't of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. April 26, 1985). In *Easley v. Nixon-Hughes*, 2009 WL 237733 (S.D. Ohio, Jan. 29, 2009), a prisoner claimed that he was mentally ill and had attempted suicide on several occasions. The plaintiff

further claimed that he was denied treatment for his illness and was being punished for his mental illness by being placed in a "23-1 hour isolation cell with 'supermax' conditions." *Id*. at *1. The plaintiff in *Easley* alleged that he was improperly housed with non-mentally ill inmates, that untrained officers were used to perform suicide watches, and that he attempted suicide on one occasion when the officer assigned to monitor him fell asleep. In addition, he alleged that another officer "refused to summon mental health personnel and told Plaintiff to hang himself." *Id.*

In this case, Plaintiff alleges that pursuant to MDOC Policy Directive 04.06.182, once Plaintiff was placed in administrative segregation by Defendant Huss, his mental health provider, Ms. Salmi, appealed the placement to Defendant Schroeder. Plaintiff states that in the appeal, Ms. Salmi recommended that Plaintiff be placed in the mental health program at the prison. As noted above, Plaintiff filed this complaint in November of 2016, while he was confined in administrative segregation. However, Plaintiff has since been admitted to the mental health program and is no longer confined in administrative segregation. In addition, Plaintiff's allegations indicate that he received mental health treatment during his placement in administrative segregation. As noted above, on October 7, 2016, Plaintiff was seen by Psychiatrist Dr. Terry Meden, who ordered that Plaintiff receive involuntary treatment with antipsychotic medications. Plaintiff does not claim that he was denied treatment during his stay in administrative segregation. Nor does he claim that he was encouraged to commit suicide or given the opportunity to do so by untrained corrections officers. Therefore, the Court concludes that Plaintiff's Eighth Amendment claim is properly dismissed.

Plaintiff also claims that Defendants Huss and Schroeder violated his due process rights when they allowed him to be confined in administrative segregation after M. Salmi indicated that prolonged segregation placement "is likely to deteriorate [Plaintiff's] mental health status."

Plaintiff cites MDOC Policy Directive 04.06.182 in support of this claim. However, Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976). In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 486-87; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995).

Confinement in administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will

consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008).

In this case, Plaintiff was confined to administrative segregation for approximately three months before being placed in the mental health program. This placement was prompted by Plaintiff's conduct in using a razor to harm himself, after having attempted suicide on several other occasions. During this confinement, Plaintiff received treatment with antipsychotic medications. There is no indication that Plaintiff was allowed the opportunity to further harm himself during this time. Plaintiff was transferred from administrative segregation to the mental health treatment program in January of 2017. The Court concludes that such circumstances do not rise to the level of an atypical and significant hardship. Therefore, Plaintiff's due process claim is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

In addition, the Court grants Plaintiff's motion to withdraw his request for a temporary restraining order and / or preliminary injunction (ECF No. 9), and denies Plaintiff's motions for a temporary restraining order and / or preliminary injunction and to expedite (ECF Nos. 1 and 8).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated: February 9, 2017                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE